UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                                )
CLAUDIA SAMPEDRO, et al.,                        )
                                                )
            Plaintiffs,                          )
                                                )
            v.                                   )        Civil Action No. 21-10935-JCB
                                                )
P&M CORPORATION, et al.,                         )
                                                )
            Defendants.                          )
———————————————————————)

REPORT AND RECOMMENDATION

May 25, 2022

Boal, M.J.

        This action was filed on June 4, 2021.  Docket No. 1.  On September 16, 2021, this Court

issued an order advising the plaintiffs that this Court would recommend to a District Judge that

the case be dismissed without prejudice unless proof of service was filed or good cause shown

why service had not been made by October 1, 2021.  Docket No. 6.  On October 5, 2021, the

plaintiffs filed returns of service for the defendants.  Docket Nos. 7, 8.

        On November 4, 2021, this Court directed the plaintiffs to file a status report by

November 18, 2021.  Docket No. 9.  Because plaintiffs failed to file such a status report, this

Court scheduled a status conference for January 5, 2022.  Docket No. 10.  At the January 5, 2022

conference, this Court raised the question whether service on the defendants was proper.  In any

event, the plaintiffs expressed an intent to file an amended complaint.  Accordingly, this Court

ordered the plaintiffs to file their amended complaint within 30 days and serve the amended

complaint within 30 days thereafter.  Docket No. 12.

On February 4, 2022, plaintiffs filed an amended complaint.  Docket No. 13.  On March 15, 2022, this Court issued an order advising the plaintiffs that this Court would recommend to a District Judge that the case be dismissed without prejudice unless proof of service was filed or good cause shown why service had not been made by March 29, 2022.  Docket No. 15.  On March 29, 2022, plaintiffs filed a response to this Court's order to show cause requesting an additional 45 days to serve the defendants, see Docket No. 16, which this Court granted.  Docket No. 17.  This Court noted that it was not likely to grant further extensions of the time to serve absent a showing of good cause supported by affidavits including, without limitation, specific details regarding the plaintiffs' attempts to serve defendants.  See id.

This case is almost a year old.  Pursuant to this Court's order, plaintiffs were to serve the defendants by May 15, 2022.  As of this date, there has been no return to this Court of proof of service as required by this Court's March 31, 2022 order.  To date, defendants have not filed an answer or otherwise made an appearance in this case and, therefore, the forms indicating whether or not the parties consent to the jurisdiction of a magistrate judge for all purposes have not been filed.  Therefore, the case may not go forward before the undersigned.  Accordingly, this Court directs the Clerk to reassign the case to a District Judge and recommends that such District Judge dismiss this action without prejudice for plaintiff's failure to comply with this Court's March 31, 2022 order and to prosecute this case.

<u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed

findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge